## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL W. CAHOON** | ) | **NO.:** |
| | ) | |
| | ) | **JURY DEMAND** |
| **Plaintiff,** | ) | **Division:** |
| | ) | **Section:** |
| **v.** | ) | |
| | ) | **Judge:** |
| **PREMISE HEALTH HOLDING** | ) | **Magistrate** |
| **CORPORATION,** | ) | |
| **aka PREMISE HEALTH** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Michael Cahoon, being of the full age of majority, who hereby makes the following averments and allegations as a cause of action against the above-named Defendant:

## Parties

1. Plaintiff, Michael Cahoon, is a commercial pilot with his livelihood dependent on maintaining both a Federal Aviation Administration ("FAA") issued medical certificate and an FAA issued pilot's license. As a commercial pilot, Mr. Cahoon is required by the FAA and his employer, Piedmont Airlines, to submit to unannounced alcohol testing. He is domiciled in, is a resident of, and is a citizen of the City of Jonesboro, County of Craighead, State of Arkansas.

2. This is a lawsuit arising out of a negligent Blood Spot test collection performed by Premises Health Holding Corporation d/b/a The Clinic/Premise Health CLT on or about March 19, 2020 in Charlotte, North Carolina. Named defendant in this suit herein is Premises Health Holding Corporation (aka, Premise Health) a For-Profit Corporation is located in the City of

Brentwood, County of Williamson, State of Tennessee and whose principal office street address 5500 Maryland Way, Brentwood, Tennessee 37207. Service of process may be made on Defendant through its Registered Agent for Service, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1332(a). Plaintiff and Defendants are citizens of different states and the amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs. Venue is proper in the United States District Court, Middle District of Tennessee, under 28 U.S.C. § 1391(b)(1), because Defendant Premises Health Holding Corporation, (aka Premise Health and hereinafter referred to as "Premises Health"), is a citizen of the State of Tennessee, and has its principal place of business in the State of Tennessee.

## Facts

4. Premises Health, through its Occupational Health services, is in the business of administering drug and alcohol surveillance testing as required by employers, like Piedmont Airlines, and as required by the U.S. Department of Transportation and the Federal Aviation Administration.

5. There is a significant public policy interest in ensuring accurate drug testing collection procedures because of the substantial number of employees who are required to undergo drug testing as a condition of their employment. Thus, at all times pertinent to this case, Premises Health owed a duty of care to Mr. Cahoon to accurately and properly conduct Mr. Cahoon's alcohol test.

6. Mr. Cahoon is the victim of Defendant's breach of that duty of care through Defendant's negligent alcohol testing collection procedures.

7. On March 19, 2020, Michael Cahoon presented himself to the Clinic/Premise Health CLT for alcohol testing by way of a test for phosphatidlethanol ("PEth") as requested by his employer, Piedmont Airlines. PEth is a group of phospholipids that are synthesized from ethanol and phosphatidylcholine, in a variety of tissues. A test for PEth involves the collection of Blood Spots as specifically instructed by the United States Drug Testing Laboratories, Inc. ("USTDL").

8. Pursuant to its duty of care, Premises Health must assure that its employee collectors are properly trained in and strictly follow the specific collection procedures for the PEth test as defined by USDTL in order to preserve the integrity of the test. The collector and donor should wash their hands with soap and water prior to the collection. An ethanol-based sanitizer is prohibited. The donor's finger is then wiped with an isopropyl alcohol pad. An ethanol-based alcohol pad is prohibited. A sterile lancet is then used to puncture off-center of the sterilized finger. The donor collects all of the collection circles with blood spots. The collector and the donor then complete chain of custody procedures. The collector is an employee of Premises Health.

9. Because of Premises Health's failure to follow USDTL's strict and clear instruction, USDTL analyzed Mr. Cahoon's blood spots on or about March 26, 2020 and reported a result as Positive for PEth – a false positive report of alcohol consumption.

10. Based on Mr. Cahoon's submission to PEth tests both prior to and following Premises Health's March 19, 2020 collection, all of which were negative, and given the known clinical detection window during which PEth can be detected in blood, USDTL's Positive detection for PEth yielded a false report that Mr. Cahoon had been consuming alcohol.

11. Ethyl Glucuronide (EtG) is formed by conjugation of ethanol with glucuronide. Hair and nail EtG tests are sensitive ways to detect alcohol use in an individual for the previous 6 months. Yet, Mr. Cahoon's hair and nail EtG tests within approximately thirty (30) days were both

negative. Once again the clinical data confirms that Premises Health's negligent collection of Mr. Cahoon's PEth test, resulted in USDTL's Positive detection for PEth and a false positive report that Mr. Cahoon had consumed alcohol.

## Cause of Action

12. Premises Health owed a duty to Mr. Cahoon to properly train their employees, one of which was the collector, and to assure that proper procedures were followed in the collection process in order to assure the samples were pure and unadulterated.

13. Premises Health, individually and through it employee, the collector, breached its duty of care to Mr. Cahoon. Premises Health failed to properly train and supervise its collector. In fact, the collector admitted to Mr. Cahoon that she had never done a PEth test collection before performing Mr. Cahoon's collection. Premises Health failed to follow the explicit warnings issued by USDTL about the prohibited use of ethanol-based hand sanitizers and ethanol-based alcohol pads. Premises Health, instead required that Mr. Cahoon use Purel, an ethanol-based hand sanitizer, upon entering the facility. The collector directed Mr. Cahoon not to clean his hands with soap and water but to use a pad, by information and belief an ethanol-based alcohol pad, to clean his hands immediately prior to the blood spot collection.

14. The above referenced acts of the collector were negligent and wrongful. Premises Health is vicariously liable to Mr. Cahoon for the negligent acts of its employee.

15. Premises Health's negligence and that of its employee was not harmless. As a direct result of Premises Health's negligence, the Federal Aviation Administration revoked Mr. Cahoon's medical certificate, so he could not fly a commercial aircraft. As a direct and proximate cause of Premises Health's negligence and that of its employee then, Mr. Cahoon lost his ability to work in

his chosen profession. He lost his ability to provide financially for his family. As a direct and proximate cause of Premises Health's negligence and its employee, Mr. Cahoon was treated by the FAA and by his employer as a substance abuser. He was required to undergo unnecessary and expensive alcohol treatment programs, including a thirty-day inpatient treatment program. As a direct result of Premises Health's negligence, Mr. Cahoon incurred nonpecuniary and perhaps irreparable losses to his professional and personal reputation and to his self-esteem which has caused great suffering an anxiety. At forty (40) years of age, he had to resort to relying on his parents and his wife's parents to provide income to pay their basic bills. The acts and omissions of Premises Health and its employee was a cause in fact of Mr Cahoon's damages.

WHEREFORE, your Plaintiff, Michael Cahoon, prays that Defendant, Premises Health Holding Company, Inc. be served with a copy of this Complaint and duly cited to appear and answer same and that, after due proceedings be had, there be judgment rendered in favor of Plaintiff and against Defendant in a sum to compensate him for his damages as allowed by law for such damages as are reasonable in the premises, and including but not limited to loss of past and future income and other economic losses, anguish and loss of self- esteem, attorneys' fees, all costs associated with this action, maximum legal interest both prejudgment and post judgment until paid, and for such further general and equitable relief as the Court deems just and proper.

Plaintiff is requesting damages in excess of $75,000 and demands a jury to try the cause.

Respectfully submitted,

THOMAS F. MINK & ASSOCIATES


/s/ Thomas F. Mink, II_____
Thomas F. Mink, II, BPR # 6067
219 Second Avenue, North
Suite 400
Nashville, TN 37219
615-256-0138
tmink@tfmlawadr.com